# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 4:09CR78 |
| v. | § § | |
| FRANCISCO GALLEGOS, JR. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING DEFENDANT'S MOTION TO SUPPRESS

This matter having been referred by the Honorable Richard A. Schell, the Court has considered Defendant's Opposed Motion to Suppress Evidence (Dkt. 20). After considering the evidence presented and the arguments of counsel at the August 25, 2009 hearing, the Court finds that the motion should be denied.

Defendant has filed a motion to suppress evidence seized during the execution of a search warrant at his home on April 23, 2009. Defendant is charged with violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm.

During the search of Defendant's home pursuant to a search warrant, Coppell Police Officer Byron Mitchell discovered, among other items, one loaded handgun and two ammunition magazines. Defendant argues that the search warrant was not based on probable cause. Specifically, Defendant argues that the affidavit in support of the warrant was based on unreliable information that does not support probable cause. Defendant asks this Court to find the search warrant invalid

At the hearing, the Government offered testimony of William Knack, the affiant for the affidavit supporting the search warrant here. Defendant did not present any evidence or witnesses to the Court in support of his position.

1

ANALYSIS

Probable cause is necessary to support the issuance of a valid search warrant. *United States v. Perez*, 484 F.3d 735, 740 (5th Cir. 2007). "Probable cause does not require proof beyond a reasonable doubt, but only a showing of the probability of criminal activity." *United States v. Daniel,* 982 F.2d 146, 151 (5th Cir. 1993). Rather, probable cause is determined through an examination of a totality of the circumstances. *U.S. v. Fields*, 456 F. 3d 519, 523 (5th Cir. 2006). Thus, in determining the validity of this search warrant, this Court must "make a practical, common-sense decision as to whether, given all the circumstances set forth in the affidavit ..., there is a fair probability that contraband or evidence of a crime will be found at a particular place." *United States v. Froman,* 355 F.3d 882, 889 (5th Cir. 2004) (citations omitted).

The Court finds that probable cause existed to support the issuance of a warrant to search the Defendant's residence and to seize the items taken pursuant to the warrant here.

Officer Knack testified about the investigation leading up to the search warrant affidavit. Apparently, Officer Knack was advised of possible drug activity by Defendant by an informant with the last name of Mullner. Mullner was arrested on April 22, 2009, and, during questioning by police, he informed them about drug activity – specifically hydroponic fields of marijuana – by a man known as "Ponchita."

Officer Knack testified that, through an independent database, he was able to corroborate that the address given to him was associated with Defendant Francisco Gallegos's name. Officer Knack also learned that the name by which Mullner knew Defendant – "Ponchita" – was associated with Defendant's name in an independent database. Moreover, Officer Knack located a driver's license photograph of Gallegos to corroborate the identity of the man Mullner called "Ponchita." Investigators then apparently listened in on a phone call between Mullner and Defendant regarding

an attempted drug transaction. The transaction, however, did not occur.

Officer Knack also testified about the surveillance conducted on Defendant's home. According to Knack, a police dog made a positive alert to the door of the residence, as well as the vehicle there. Additionally, Officer Knack testified that his research indicated that Defendant had a significant criminal history.

According to Knack, officers found materials, such as grow lights and a ziploc bag with marijuana residue, consistent with growing marijuana. Knack conceded that no marijuana was found in the residence at the time of the search. However, according to the officer, there was a smell of marijuana in a vehicle searched on Defendant's premises, and Knack believes that a large quantity of marijuana had recently been in the vehicle.

Upon cross examination, Officer Knack conceded that, after the search, none of the information provided by the informant Mullner regarding the actual presence of marijuana fields in the home turned out to be true or verifiable. Officer Knack also conceded that the first day he met Mullner was on the date of his arrest, which was also the date the affidavit was sworn to, and that he therefore had no prior experience with Mullner as an informant.

Having heard all of the evidence presented regarding the origins, investigation and preparation of the search warrant, the Court finds that it was based on probable cause. Notably, Officer Knack corroborated all information provided to him by Mullner prior to preparing the affidavit, and Defendant has not offered any evidence to the contrary. The fact there was no marijuana found does not make Mullner unreliable and does not destroy the probable cause required for the issuance of the warrant.

Moreover, even if probable cause had been insufficient here – which the Court finds that it was not – having heard the testimony offered, the Court finds that sufficient evidence was presented

3

to show that the seizing officers acted in good faith reliance on the search warrant. "The good-faith exception provides that where probable cause for a search warrant is founded on incorrect information, but the officer's reliance upon the information's truth was objectively reasonable, the evidence obtained from the search will not be excluded." *United States v. Cavazos,* 288 F.3d 706, 709 (5th Cir.2002). Nothing was presented to the Court to indicate that any of the information contained in the affidavit was deliberately false or misleading. Defendant has not made any showing of bad faith by any law enforcement officer connected to this case.

Therefore, the Court recommends that the District Court **DENY** Defendant's Motion to Suppress.

Any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c). Pursuant to the agreement of the parties, any objections shall be filed on or before **September 3, 2009.**

Failure to file written objections to the proposed findings and recommendations contained in this report within the time period set forth above shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 28th day of August, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE